**FILED**
November 10, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOCNEAM CORDERO DE NIGRIS,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **CIVIL NO. SA-26-CV-6142-OLG** |
| **WARDEN, SOUTH TEXAS ICE PROCESSING CENTER, *et al.*,** | § | |
| **Respondents.** | § | |

## ORDER

Before the Court is Petitioner Jocneam Cordero de Nigris's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. No. 1), to which Respondents filed a response (Dkt. No. 5). At the Court's request, *see* Dkt. No. 6, Respondents also filed a supplemental pleading (Dkt. No. 7).

Petitioner is a native of Venezuela and a citizen of Italy, who was admitted to the United States in 2022 under the Visa Waiver Program ("VWP"). *See* Dkt. Nos. 1 at 3; 1-2 at 2–3; 5-1 at 2. He later filed an application for asylum. *See* Dkt. No. 1-2 at 9–13. Petitioner's asylum-only proceedings are ongoing. *See* Dkt. Nos. 7; 7-1. In 2026, Petitioner was ordered removed under a Final Administrative Removal Order ("FARO") and taken into custody. *See* Dkt. Nos. 1 at 4; 5 at 2; 5-1 at 2; 5-2. He requested a custody redetermination hearing before an immigration judge ("IJ"), but she determined that she lacked jurisdiction over his request. *See* Dkt. No. 5, Ex. C. Petitioner recently initiated this habeas action challenging his detention on the grounds that he is detained under 8 U.S.C. § 1226(a) and therefore entitled to a bond hearing before an IJ. *See* Dkt. No. 1 at 7–8. Respondents disagree. In their view, because Petitioner is subject to a FARO.

he is properly detained under 8 U.S.C. §§ 1187(c)(2)(E) and 1231(a). *See* Dkt. No. 5 at 4–5. The Court agrees with Petitioner.[1]

The VWP allows the government to "waive the visa requirement and permit citizens of a select list of nations . . . to visit the United States for up to ninety days." *Zine v. Mukasey*, 517 F.3d 535, 538 (8th Cir. 2008) (citing 8 U.S.C. § 1187(a)); *see McCarthy v. Mukasey*, 555 F.3d 459, 459–60 (5th Cir. 2009) (per curiam) (same). As a condition of admittance, the alien must waive his right to contest removal "other than on the basis of an application for asylum." 8 U.S.C. § 1187(b).

The Board of Immigration Appeals ("BIA") has long held that the statutory basis for detaining aliens who remain in the United States longer than permitted under the VWP is § 1187(c)(2)(E). *See Matter of A-W-*, 25 I. & N. Dec. 45 (BIA 2009). Respondents likewise assert that Petitioner is properly detained under § 1187(c)(2)(E) and, thus, not eligible for bond under § 1226(a). *See* Dkt. No. 5 at 4–5. The problem with their argument, however, is that "most federal courts that have directly addressed whether a noncitizen who has violated the [VWP] can be detained pursuant to § 1187(c)(2)(E) have held that § 1187(c)(2)(E) is not a valid basis for detention." *Lee v. Warden*, No. 26-CV-6380, 2026 WL 1413151, at *3 (W.D.N.Y. May 20, 2026) (collecting cases). Respondents' reliance on this statute is therefore misplaced.

Nor can they find safe harbor in § 1231(a). That provision only authorizes the detention of aliens subject to administratively final orders of removal. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 533 (2021); 8 U.S.C. § 1231(a)(1)(A)–(B), (a)(2)(A), (a)(3), (a)(6). While Respondents issued a FARO, *see* Dkt. No. 5-2 at 3–4, it is not yet administratively final because Petitioner's

---

[1]Respondents assert that 8 U.S.C. § 1252(g) strips the Court of jurisdiction over this case. *See* Dkt. No. 5 at 8–9. They are mistaken. "Petitioner does not attack his VWP FARO itself; rather, he challenges his detention while he has a pending asylum application." and "§ 1252(g) 'does not . . . preclude habeas review of challenges to detention that are independent of challenges to removal orders.'" *Kammerer v. Vergara*, 838 F. Supp. 3d 665, 668 (W.D. Tex. 2026) (quoting *Baez v. Bureau of Immigr. & Customs Enf't*, 150 F. App'x 311, 312 (5th Cir. 2005)).

asylum-only proceedings are ongoing, *see* Dkt. No. 7 at 1, and every court of appeals to address this question has determined that "a FARO in a VWP case is not final until the alien's asylum application, if any, has been denied." *E.g.*, *AMM v. Thompson*, No. 25-CV-1210, 2025 WL 3296316, at *3 (W.D. Tex. Nov. 18, 2025) (collecting cases), *R. & R. adopted*, 2025 WL 3296315 (W.D. Tex. Nov. 26, 2025); *Kammerer*, 838 F. Supp. 3d at 668–69 (same). As a result, Petitioner cannot be subject to detention under § 1231(a).

In reaching the opposite conclusion, Respondents emphasize that Petitioner's asylum application is time barred and meritless. *See* Dkt. No. 7 at 1–3. Perhaps they are right. But the IJ—not this Court—has "exclusive jurisdiction" to resolve such questions. *See* 8 C.F.R. § 208.2(c)(1); *see also* 8 U.S.C. § 1158(a)(2)(D) (permitting the IJ to consider an untimely asylum application "if the alien demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified").

Finally, Petitioner is correct that his detention is instead governed by § 1226(a), the provision permitting—but not requiring—the detention of aliens who have been admitted to the United States and remained beyond the authorized period. *See* Dkt. No. 1 at 7–8. This conclusion is buttressed by the great weight of persuasive authority. *See, e.g.*, *AMM*, 2025 WL 3296316, at *5–6; *Lee*, 2026 WL 1413151, at *3–4 (collecting cases); *Romance v. Warden York Cnty. Prison*, No. 20-CV-760, 2020 WL 6054933, at *4 (M.D. Pa. July 28, 2020); *Melendez Ferreira v. Johnson*, No. 26-1858, 2026 WL 2983724, at *2–3 (W.D. Okla. Oct. 5, 2026), *R. & R. adopted*, 2026 WL 3172664 (W.D. Okla. Oct. 22, 2026); *Chery v. Maldonado*, No. 26-CV-4667, 2026 WL 2566434, at *3–4 (E.D.N.Y. Aug. 31, 2026) (collecting cases); *see also O'Connor v. Dir., U.S.C.I.S.*, No. 25-CV-947, 2025 WL 3855000, at *3–4 (W.D. Tex. Dec. 3, 2025) (concluding a

petitioner was no longer subject to detention under § 1226(a) because her asylum-only proceedings had concluded), *R. & R. adopted*, 2025 WL 3852955 (W.D. Tex. Dec. 30, 2025). The undersigned joins that chorus.

**IT IS THEREFORE ORDERED** that Petitioner Jocneam Cordero de Nigris's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. No. 1) is **GRANTED** as follows:

1. Respondents must provide Petitioner Jocneam Cordero de Nigris (A-233-876-046) with a bond hearing to determine whether he poses a danger or flight risk, or otherwise release him under appropriate conditions on or before **Wednesday, November 25, 2026**;

2. **Respondents must provide Petitioner's counsel adequate notice of the date and time of the bond hearing**. If Petitioner is released, Respondents must notify Petitioner's counsel of the exact location and time of Petitioner's release as soon as practicable and **at least two hours before release**; and

3. Respondents must file a status report **within two days thereafter** confirming that Petitioner has been given a bond hearing or otherwise released under appropriate conditions.

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon its entry.

This case is **CLOSED**.

**IT IS SO ORDERED**.

**SIGNED** on November 10, 2026.

ORLANDO L. GARCIA
United States District Judge